UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL AMEZCUA FARIAS (A-200-700-897),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-4433 DC CSK

FINDINGS AND RECOMMENDATIONS

Petitioner, a native and citizen of Mexico, is proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As discussed below, this Court recommends that this action be dismissed as moot.

## I. BACKGROUND

Petitioner filed his petition for writ of habeas corpus on June 9, 2026, along with a motion for temporary restraining order. (ECF No. 1.) Respondent filed an opposition to the petition and to the motion for temporary restraining order, arguing that petitioner is subject to a reinstated order of removal under 8 U.S.C. § 1231(a)(5). (ECF No. 5.) Both parties agree that petitioner faced imminent deportation. (ECF No. 1 at 3; ECF No. 5 at 1.) Petitioner did not file a reply.

On June 26, 2026, the district court found that to the extent petitioner's constitutional right to counsel has been violated due to his present immigration detention, his remedy lies in his

criminal proceedings, and denied petitioner's motion for temporary restraining order without prejudice to petitioner filing an amended petition addressing the statutory basis for petitioner's detention. (ECF No. 6.) Petitioner did not file an amended petition or otherwise respond to the district court's order. (See Docket.) According to the government's official DHS United States Immigration and Customs Enforcement Online Detainee Locator System website, as of July 15, 2026, petitioner was no longer in ICE custody. See https//locator.ice.gov/odis. (ECF No. 7 at 1.)

On July 20, 2026, this Court ordered petitioner to show cause, within twenty-one days, why this action should not be dismissed as moot. (Id. at 2.) Petitioner did not file a response.

## II. DISCUSSION

Petitioner did not file an amended petition addressing respondents' claim that petitioner is subject to a reinstated order of removal under 8 U.S.C. § 1231(a)(5), and failed to show cause why this action should not be dismissed as moot in light of petitioner's apparent removal from the United States. For the following reasons, this Court recommends that this action be dismissed as moot.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

The record reflects that as of July 15, 2026, petitioner was no longer in immigration custody. (ECF No. 7 at 1.) Because petitioner is no longer in ICE custody, the Court finds that the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1064-65 (9th Cir. 2007) (holding that because Abdala's "habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the deportation order . . . [h]is petition was . . . moot by his removal"); Rodriguez v. Bostock, 802 F. Supp. 3d 1297, 1311 (W.D. Wash. 2025) ("Rodriguez's individual claims are moot because he voluntarily departed the country and is no longer in DHS custody.");

Hurtado Guillermo v. Warden/Facility Adm'r, 2026 WL 1155991, *1 (W.D. Wash. 2026) (petition challenging only the legality and constitutionality of Hurtado Guillermo's continued detention and seeking his immediate release from custody was moot because he "voluntarily departed the United States [and] his request for release no longer presents a 'live controversy[.]'" (citations omitted)). In light of departure from the United States, the Court recommends that this action be dismissed as moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for a writ of habeas corpus (ECF No. 1) be dismissed as moot.

2. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 13, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/fari4433.57.2241.imm.moot